UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DIAMOND SEWARD )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br> ) CIVIL ACTION NO. 3:25cv224<br>SADLER BROTHERS OIL )<br>COMPANY, INC. )<br> )<br> Serve: ) JURY TRIAL DEMAND<br> Marion B. Sadler )<br> 517 N. Main Street )<br> PO Box 871 )<br> Emporia, Virginia 23847 )<br> )<br> Defendant )<br> ) | |

## COMPLAINT

Plaintiff, Diamond Sward ("Ms. Seward"), by counsel, submits this Complaint against Defendant Sadler Brothers Oil Company ("Defendant" or "SBOC"), the owner and operator of the Slip-In Food Mart in Kenbridge, Virginia, and alleges as follows:

## INTRODUCTION

1. Diamond Seward is a legally blind individual who uses a service dog—specifically, a guide dog named Strauss—to allow her to navigate the world.

2. This case arises out of Slip-In Food Mart's denial of public accommodations to Ms. Seward.

3. In direct violation of the Americans with Disabilities Act, SBOC demanded that Ms. Seward leave its Slip-In Food Mart location because Ms. Seward entered the store with her service animal.

## NATURE OF ACTION

4. This is an action for damages, declaratory, and injunctive relief under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (hereinafter, "ADA"), and the Virginians with Disabilities Act, Va. Code Ann. § 51.5-44 based on Slip-In Food Mart's denial of public accommodations to Ms. Seward.

## PARTIES, JURISDICTION, AND VENUE

5. Ms. Seward is a resident of Kenbridge, Virginia

6. She is a qualified individual with a disability under the ADA as she is legally blind which affects her major life activities, including vision.

7. Ms. Seward's disability is readily apparent.

8. Defendant SBOC operates a retail establishment for the purpose of selling food and other general goods called Slip-In Food Mart.

9. SBOC's principal place of business is located at 517 North Main Street, Emporia, Virginia 23847.

10. SBOC is a private entity that owns, leases, or operates a place of public accommodation, the Slip-In Food Mart located at 221 S. Broad Street, Kenbridge, Virginia, 23944.

11. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events described in this action took place within this judicial district.

## FACTS

13. On or about July 12, 2024, Ms. Seward visited Slip-In with her minor-niece and guide dog, Strauss, to purchase lunch.

14. Ms. Seward and her companion entered the store with Strauss and attempted to order food. *See* Exhibit 1.

15. As with all guide dogs, Strauss wears a harness, which Ms. Seward holds for guidance because she is legally blind. The harness Ms. Seward uses is pictured below:



16. Strauss is trained for public access as he is trained to do work or perform tasks for the benefit of an individual with a disability.

17. When Strauss is working or "on duty," he is trained to always remain under Ms. Seward's control in a variety of different environments and in a manner that is unobtrusive to the public.

18. Slip-In staff asked Ms. Seward to leave while Slip-In prepared her food. Ex. 1.

19. As Ms. Seward intended to eat at Slip-In, she refused to honor Slip-In's request and left without her food. Ex. 1.

## COUNT I
## Violation of Title III of the Americans with Disabilities Act

20. The preceding paragraphs are incorporated by reference as if fully re-stated herein.

21. Ms. Seward is a qualified individual with a disability within the meaning of Title III of the ADA.

22. Service animal means any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. 28 C.F.R. § 36.104.

23. The work done by Strauss is directly related to Ms. Seward´s disability. Strauss assists Ms. Seward with navigation because she is blind.

24. Slip-In is a place of public accommodation as a "restaurant, bar, or other establishment serving food or drink." 28 C.F.R. § 36.104.

25. Slip-In violated the law when it sought information beyond the two inquiries legally allowed to determine whether an animal qualifies as a service animal. 28 C.F.R. § 36.136(f).

26. Slip-In engaged in prohibited activity, and, therefore, violated the law when it required documentation, such as proof that the animal has been certified, trained, or licensed as a service animal. 28 C.F.R. § 36.136(f); 28 C.F.R. § 36.201(a).

27. When a disability is readily apparent, as is the case with Ms. Seward's blindness, Slip-In is not permitted to make *any* inquiries about a service animal. *Id*. (emphasis added).

28. A service animal must remain in the control of its handler. 28 C.F.R. § 36.136(f).

29. Ms. Seward, as Strauss' handler, kept him under control at all relevant times.

30. In demanding that Ms. Seward leave Slip-In with Strauss, SBOC discriminated against Ms. Seward by failing to accommodate her disability when such accommodations were necessary for Ms. Seward to access the goods, services, privileges, and advantages of purchasing food and eating at Slip-In. 28 C.F.R. § 36.201(a).

31. SBOC failed to make reasonable modifications to accommodate Ms. Seward's disability which would not alter the nature of the services it provides.

32. As a result of SBOC's actions, Ms. Seward seeks equitable, declaratory, and injunctive relief.

## COUNT II
## Violation of the Virginians with Disabilities Act § 51.5-44

33. The preceding paragraphs are incorporated by reference as if fully re-stated herein.

34. Ms. Seward is a person with a disability as defined in the Virginians with Disabilities Act ("VDA").

35. The VDA requires places of public accommodation to provide a "person with a disability . . . full and equal accommodations, advantages, facilities, and privileges of all . . .

places of public accommodation . . . to which the general public is invited. Va. Code § 51.5-44(B).

36. In demanding that Ms. Seward leave Slip-In with Strauss, SBOC discriminated against Ms. Seward by failing to accommodate her disability when such accommodations were necessary for Ms. Seward to access the goods, services, privileges, and advantages of purchasing food and eating at Slip-In, as prohibited by the VDA.

## **PRAYER FOR RELIEF**

WHEREFORE, DIAMOND SEWARD, requests that this Court enter judgment in her favor, and against Defendant SADLER BROTHERS OIL COMPANY, INC., and:

(a) As to Count I,

    a. A permanent injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., requiring Defendant take the steps necessary to ensure its employees do not unlawfully refuse service to individuals with service animals; and in addition

(b) As to Count II,

    a. A permanent injunction pursuant to Va. Code Ann. § 51.5046 requiring Defendant take the steps necessary to ensure its employees do not unlawfully refuse service to individuals with service animals;

    b. Award Plaintiff compensatory damages on the above-stated Count II in an amount to be determined at trial; and in addition

(c) Award Plaintiff attorneys' fees, expert fees, and costs of this action as may be permitted by law; and in addition

(d) Award Plaintiff such other further relief as may be appropriate.

## **JURY DEMAND**

### **PLAINTIFF DIAMOND SEWARD DEMANDS A TRIAL BY JURY.**

Dated: March 23, 2025                              Respectfully,

                                                                    /s/
                                                          Joshua Erlich, VA Bar No. 81298
                                                          Katherine L. Herrmann, VA Bar No. 83203
                                                          THE ERLICH LAW OFFICE, PLLC
                                                          1550 Wilson Blvd., Ste. 700
                                                          Arlington, VA  22209
                                                          Tel:    (703) 791-9087
                                                          Fax:   (703) 722-8114
                                                          Email: jerlich@erlichlawoffice.com
                                                                      kherrmann@erlichlawoffice.com