IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DIAMOND SEWARD,

    Plaintiff,

v.                                  Case No. 3:25-cv-00224

SADLER BROTHERS OIL COMPANY,
INC.,

    Defendant.

## ANSWER TO COMPLAINT

NOW COMES the defendant, Sadler Brothers Oil Company, Inc. ("Sadler"), by counsel, pursuant to the Court's Order dated April 23, 2025, and for its Answer to the Plaintiff's Complaint, hereby denies that it is the owner and operator of the Slip-In Food Mart in Kenbridge, Virginia and denies that it is liable to the Plaintiff, and further states as follows:

### INTRODUCTION

1.      In answer to paragraph 1, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

2.      In answer to paragraph 2, Sadler denies that Plaintiff was denied a public accommodation and denies any remaining allegations contained therein.

3.      In answer to paragraph 3, Sadler denies the allegations contained therein.

### NATURE OF ACTION

4.      In answer to paragraph 4, Sadler avers that Plaintiff attempts to state a cause of action under the Americans with Disabilities Act and the Virginians with Disabilities Act, but denies that Plaintiff was denied public accommodations and, therefore, denies the remaining allegations contained therein.

## PARTIES, JURISDICTION, AND VENUE

5.      In answer to paragraph 5, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

6.      In answer to paragraph 6, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

7.      In answer to paragraph 7, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

8.      In answer to paragraph 8, Sadler denies the allegations contained therein.

9.      In answer to paragraph 9, Sadler admits the allegations contained therein.

10.     In answer to paragraph 10, Sadler denies the allegations contained therein in the manner and form alleged.

11.     In answer to paragraph 11, Sadler admits that this court has subject matter jurisdiction over this matter, but denies that it violated the ADA in any way.

12.     In answer to paragraph 12, Sadler admits that venue is proper in this court, but denies that it violated the ADA in any way.

## FACTS

13.     In answer to paragraph 13, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

14.     In answer to paragraph 14, upon information and belief, Sadler admits the allegations contained therein.

15.     In answer to paragraph 15, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

16.    In answer to paragraph 16, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

17.    In answer to paragraph 17, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

18.    In answer to paragraph 18, Sadler denies the allegations in the manner and form alleged.

19.    In answer to paragraph 19, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

## COUNT I

20.    In answer to paragraph 20, Sadler incorporates its answers to paragraphs 1-19 as if fully set forth herein.

21.    In answer to paragraph 21, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

22.    In answer to paragraph 22, Sadler avers that this allegation is merely a legal conclusion to which no answer is required.

23.    In answer to paragraph 23, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

24.    In answer to paragraph 24, Sadler avers that this allegation is merely a legal conclusion to which no answer is required.

25.    In answer to paragraph 25, Sadler denies the allegations contained therein.

26.    In answer to paragraph 26, Sadler denies the allegations contained therein.

27.    In answer to paragraph 27, Sadler avers that this allegation is merely a legal conclusion to which no answer is required.  To the extent an answer is required, Sadler denies the allegations in the manner and form alleged.

28.    In answer to paragraph 28, Sadler avers that this allegation is merely a legal conclusion to which no answer is required.

29.    In answer to paragraph 29, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

30.    In answer to paragraph 30, Sadler denies the allegations contained therein.

31.    In answer to paragraph 31, Sadler denies the allegations contained therein.

32.    In answer to paragraph 32, Sadler denies that Plaintiff is entitled to the requested relief.

## COUNT II

33.    In answer to paragraph 33, Sadler incorporates its answers to paragraphs 1-32 as if fully set forth herein.

34.    In answer to paragraph 34, Sadler is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

35.    In answer to paragraph 35, Sadler avers that this allegation is merely a legal conclusion to which no answer is required.

36.    In answer to paragraph 36, Sadler denies the allegations contained therein.

37.    Sadler denies that Plaintiff is entitled to the relief requested including paragraphs (a)-(d).

## AFFIRMATIVE AND SPECIAL DEFENSES

38.    Sadler avers that Plaintiff has failed to state a cause of action upon which relief can be granted.

39.    Sadler avers that all actions taken against Plaintiff were in good faith and based on legitimate reasons and were not solely or in part, based on any illegal, discriminatory, or wrongful motives or consideration.

40.    Sadler denies that it is indebted to Plaintiff in the amount claimed or in any amount for the reasons stated or for any reason.

41.    Sadler denies that it is the owner and operator of the Slip-In Food Mart in Kenbridge, Virginia.

42.    Sadler avers that, to the extent shown by the evidence, Plaintiff's cause of action under Count II, the Virginians with Disabilities Act is barred by the statute of limitations set forth in Virginia Code § 51.5-46.

43.    Sadler denies that Plaintiff can state a cause of action under the Virginians with Disabilities Act as she was not accompanied by a dog in harness or other markings as required under the Act.

44.    Sadler avers that is entitled to reasonable attorney fees under the Virginians with Disability Act as a prevailing party.

45.    Sadler denies all allegations not specifically admitted herein.

46.    Sadler avers that Plaintiff failed to mitigate her damages, if any.

47.    Sadler avers that Plaintiff was not denied a public accommodation nor did it fail to accommodate Plaintiff's disability.

48.     Sadler will rely on all other properly provable defenses to this action which are revealed through investigation, discovery, or at trial and reserves the right to amend this Answer to the Complaint at any time.

WHEREFORE, for the foregoing reasons, Sadler Brothers Oil Company, Inc., by counsel, respectfully requests judgment in its favor and with its costs and attorney's fees expended herein.

TRIAL BY JURY IS DEMANDED

**SADLER BROTHERS OIL COMPANY, INC.**

By Counsel

/s/ Jeremy D. Capps
Jeremy D. Capps (VSB No. 43909)
Counsel for Sadler Brothers Oil Company, Inc.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com

William M. Stanley, III, Esq. (VSB No. 37209)
Counsel for Sadler Brothers Oil Company, Inc.
The Stanley Law Group, LLC
13508 Booker T. Washington Highway
Moneta, VA 24121
540-721-6028 - Phone
540-721-6405 - Fax
bstanley@vastanleylawgroup.com

## **C E R T I F I C A T E**

I hereby certify that on the 6th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joshua Erlich, The Erlich Law Office, PLLC
2111 Wilson Boulevard, Suite 700
Arlington, VA 22201
703-791-9087 - Phone
703-722-8114 - Fax
jerlich@erlichlawoffice.com

Katherine L Herrmann, Esq.
The Erlich Law Office
1550 Wilson Boulevard, Suite 700
Arlington, VA 22209
703-791-9087 - Phone
703-722-8114 - Fax
kerrrmann@erlichlawoffice.com

/s/ Jeremy D. Capps
Jeremy D. Capps (VSB No. 43909)
Counsel for Sadler Brothers Oil Company, Inc.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com